IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDWARD M. CALL,                     )
                                    )
                Plaintiff,      )
                                    )
v.                                  )   Civil Action No. 3:22-cv-652–HEH
                                    )
GEICO ADVANTAGE INSURANCE           )
CO., *et al.*,                      )
                                    )
                Defendants.     )

**MEMORANDUM OPINION**
(Granting Defendants' Motions to Dismiss and
Denying Plaintiff's Motion as Moot)

This matter is before the Court on Defendants Government Employee's Insurance Company ("GEICO") and GEICO Advantage Insurance Company's ("GEICO Advantage," collectively "Defendants") separate Motions to Dismiss (ECF Nos. 6, 9) and Plaintiff Edward M. Call's ("Plaintiff") *pro se* Motion for Default Judgment (ECF No. 12). Plaintiff, who was in a collision while in his insured vehicle, brings this suit[1] alleging that Defendants acted with ill-intent in refusing to settle an insurance claim for the full cost of the repairs to his vehicle.[2] (Compl. ¶¶ 8–21, ECF No. 4.) Defendants

---

[1] Plaintiff originally filed an *In Forma Pauperis* ("IFP") Application on October 4, 2022, with his proposed Complaint. (ECF No. 1.) This Court concluded that Plaintiff's assets were sufficient to enable him to pay the costs of litigation. (Order, ECF No. 2.) Plaintiff paid the filing fee and refiled his Complaint on November 4, 2022. (ECF Nos. 3, 4.)

[2] This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff is a Virginia resident, while Defendants are foreign corporations: GEICO is incorporated in Maryland, GEICO Advantage is incorporated in Nebraska, and both have their principal place of business in Maryland. (Compl. ¶¶ 3–5.) Plaintiff seeks $1 billion dollars in damages, which is well above the $75,000 requirement. *See* § 1332(a).

move this Court to dismiss the entirety of the Complaint on various grounds including the inadequacy of the factual pleadings, the statute of limitations, and *res judicata*. (*See* GEICO's Mot. ¶¶ 7–29, ECF No. 6; GEICO Advantage's Mot. ¶¶ 7–25, ECF No. 9.) Plaintiff seeks default judgment against GEICO due to alleged defects with its filings including insufficient service, incorrect captioning, and an omitted signature from counsel. (Pl.'s Mot. ¶¶ 4–8.)

It is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, courts need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

This charge to liberally construe Plaintiff's filings is particularly significant in resolving the motions before this Court because Defendants' motions are predicated on the sufficiency of Plaintiff's Complaint. However, even when viewing Plaintiff's Complaint in light of this liberal standard, his Complaint lacks clear anchors in readily identifiable legal rights or arguments. (*See* Compl. ¶¶ 17–20, 39–40.) Without

"conjur[ing] up" issues never fairly presented, *Beaudett*, 775 F.2d at 1276, the Court will address Plaintiff's legal contentions that are properly before the Court.

The parties have filed memoranda on all pending motions supporting their respective positions. The Court will dispense with oral argument as it would not aid in the decisional process. *See* E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant Defendants' Motions to Dismiss for Failure to State a Claim and will dismiss the Complaint with prejudice. The Court will deny Plaintiff's Motion for Default Judgment as moot.

## I.   BACKGROUND

Plaintiff entered into a contract with GEICO Advantage for automobile insurance coverage for his 2011 Ford F-250 pick-up truck on January 1, 2017, with coverage running through December 31, 2017. (Compl. ¶ 8.) On October 5, 2017, Plaintiff was in an automobile accident with another driver who was also insured by Defendants.[3] (*Id.* ¶ 10.) Neither local police nor Defendants investigated the accident until Plaintiff initiated a claim, whereupon one of Defendants' agents visited Plaintiff to assess and estimate the damage to his vehicle. (*Id.* ¶¶ 11–12.) Defendants concluded that the damage totaled an amount that is unknown to this Court and issued Plaintiff a check in that amount. (*Id.* ¶¶ 12–13.) However, Plaintiff felt the estimate was "fraudulent"

---

[3] Plaintiff regularly conflates GEICO and GEICO Advantage in his filings. In this instance, Plaintiff indicates that the other driver was insured by "the same company GEICO." (Compl. ¶ 10.) As Plaintiff had insurance coverage from GEICO Advantage, not GEICO, it is unclear as to which entity he is referring. For simplicity, except where it is unambiguously clear that Plaintiff means to explicitly refer to one GEICO entity versus the other, the Court will refer to Defendants collectively.

3

because it was less than the amount it cost Plaintiff to repair his vehicle; he therefore returned the check, uncashed.[4] (*Id.*)

Plaintiff eventually filed suit against Defendants in Henrico County for Defendants' failure to uphold their contractual duties to Plaintiff. (*Id.* ¶ 15.) The parties failed to provide this Court with any documentation from the state court proceeding. Therefore, the details of that action are not clear to this Court. However, the parties indicate in their pleadings that the state court ruled in favor of Defendants and dismissed Plaintiff's claim with prejudice on March 6, 2020. (*Id.* ¶ 17.) Plaintiff states that he desired to appeal the state court ruling but was unable to do so.[5] (*Id.* ¶ 18.) Plaintiff represents that Defendants have made no subsequent efforts to settle his claim. (*Id.* ¶ 21.)

## II. STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (alteration in original) (quoting *Tobey*, 706 F.3d at 387). However, a

---

[4] Plaintiff fails to specify or show any evidence which demonstrates the disparity between the estimated damage amount and the actual cost he incurred to complete the repairs. Indeed, he only states that the repairs amounted to $7,583.16. (Compl. ¶ 21.)

[5] Plaintiff represents that he was unable to physically or telephonically reach the court clerk's office to initiate the appeal due to the COVID-19 restrictions that were operating at the time. (Compl. ¶ 18.) Plaintiff additionally indicates that he filed a "judicial review" of the case. (*Id.* ¶ 20.) It is unclear what he means by "judicial review"—he provides no information as to what was filed or where the filing took place.

4

"complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). However, a court "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

Although a motion to dismiss tests the sufficiency of a complaint, courts may consider documents that are either "explicitly incorporated into the complaint by reference" or "those attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (citations omitted). A court may consider a document not attached to the complaint, when "the document [is] integral to the complaint and there is no dispute about the document's authenticity." *Id.* at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached, . . . the exhibit prevails." *Id.* (alteration in original) (quoting *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)). In considering a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

5

## III. DISCUSSION

In his Complaint, Plaintiff loosely describes the legal harms for which he seeks vindication. These include: (1) bad faith dealing by an insurance company (Compl. ¶ 23); (2) arbitrary and unreasonable refusal to pay the claim (*id.* ¶ 24); (3) no good faith attempts to make an equitable settlement of the claim, given clear liability (*id.* ¶ 25); (4) fraud[6] (*id.* ¶ 27–30); and (5) negligent infliction of harm to Plaintiff's health (*id.* ¶ 30). Plaintiff also repeatedly characterizes Defendants conduct as intentional, willful, wanton, knowing, malicious, and negligent. (*Id.* ¶¶ 14, 24, 27, 29–30.) To the extent that these are more than mere assertions of legal conclusions, the Court will consider these characterizations as outlining a general claim of negligence.

Defendants categorize Plaintiff's claims as (1) breach of contract, (2) fraud, (3) bad faith, (4) negligence, (5) breach of duty, and (6) infliction of emotional distress. (GEICO's Mem. in Supp. at 3–6, ECF No. 7; GEICO Advantage's Mem. in Supp. at 3–7, ECF No. 10.) In his Opposition, Plaintiff appears to clarify that he is not attempting to state independent claims for breach of contract or breach of duty.[7] (Pl.'s Opp'n to

---

[6] Under the heading of "Fraud," Plaintiff alleges that "Defendants intentionally, willfully, and with malice made published statements to deny payments to plaintiff [sic]," and that this act consequently caused emotional distress. (Compl. ¶¶ 28–30.) In other filings, Plaintiff cites a variety of authorities under which he might bring his fraud claims, including the False Claims Act, 31 U.S.C. §§ 3729–3733 and various criminal statutes, including 18 U.S.C. §§ 1033, 1038, and 1341. (Pl.'s Opp'n to GEICO Advantage ¶ 6, ECF No. 16.) Plaintiff does not plead any facts with the particularity required to state a claim under any of these statutes or any other federal authority. *See* Fed. R. Civ. P. 9(b). Mere legal conclusions cannot sustain the claim alone. *See Iqbal*, 556 U.S. at 678. As such, the Court will consider his assertions under the rubric of a state common law fraud claim.

[7] Defendants raise the doctrine of *res judicata* as a bar to Plaintiff's breach of contract claims because they assert that the state court previously addressed such issues. (*See* GEICO's Mem. in

6

GEICO Advantage ¶¶ 5–6, 15–20.) Rather, he views evidence of Defendants' alleged breach of contract or breach of duty as evidence which supports his bad faith, negligence, and fraud claims. (*Id.*)

While the precise contours of Plaintiff's legal claims are murky, Virginia state law provides several causes of action that approximately align with Plaintiff's allegations. Virginia recognizes both common law negligence and fraud actions. *See, e.g., Willner v. Dimon*, 849 F.3d 93, 113 (4th Cir. 2017) (quoting *Blue Ridge Serv. Corp. of Va. v. Saxon Shoes, Inc.*, 526 S.E.2d 55, 62 (Va. 2006)) (reciting elements of a Virginia negligence claim); *Fessler v. Int'l Bus. Mach. Corp.*, 959 F.3d 146, 153 (4th Cir. 2020) (quoting *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 477 (4th Cir. 2006)) (reciting elements of a Virginia fraud claim).

Negligent infliction of emotional distress does not exist as an independent, abstract cause of action under Virginia law, but may be subsumed under a showing of an underlying breach of a tort duty. *See A.H. ex rel. C.H. v. Church of God in Christ, Inc.*, 831 S.E.2d 460, 475–76 (Va. 2019). Insured persons are afforded a statutory remedy against motor vehicle insurance companies that arbitrarily refuse to settle claims. *See* Va. Code Ann. § 8.01-66.1(A). Allegations of bad faith are implicit in § 8.01-66.1(A).

---

Supp. at 7–8.) However, Plaintiff clarifies that in the matter before this Court, he does not intend to bring a breach of contract claim. (*See* Pl.'s Opp'n to GEICO ¶ 6 ("Defendants [sic] Geico [sic] counsel in [paragraph] No. 6 [of GEICO's Motion to Dismiss] incorrectly states that the plaintiff has set forth claims of breach of contract, which is false.").) Thus, Defendants' *res judicata* argument, which is solely based upon a potential breach of contract claim, is inapplicable to the case at hand.

7

Under that statute, a court may authorize an award of costs and attorney fees against the insurance company. *See id.*; *see also* § 38.2-209(A).

### A. Plaintiff Fails to Adequately Plead Fraud and the Claim is Time-Barred

A fraud claim in Virginia requires allegations of "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Glaser*, 464 F.3d at 477; *accord Fessler*, 959 F.3d at 153. Moreover, Federal Rule of Civil Procedure 9(b) requires that the circumstances of the fraud be alleged with particularity. Specifically, this calls for heightened standards for pleading the "'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008)). Failure to meet this standard "is treated as failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999); *accord Dunn v. Borta*, 369 F.3d 421, 426 (4th Cir. 2004).

Plaintiff has failed to meet this pleading standard in his Complaint. His fraud allegations are bald recitations of legal elements. (*See* Compl. ¶ 28 ("Defendants have acted in furtherance of its [sic] own interest with intentional disregard of the financial [sic] of the plaintiff.").) The only direct allegation of fraudulent activity relates to Defendants' agent producing the damage estimate for Plaintiff's vehicle. (*See* Compl. ¶ 12.) The "who" and "where" are adequately alleged: in Plaintiff's account, the fraud was perpetrated by Defendants' agent when the agent visited Plaintiff's property to inspect his vehicle. (*See id.*)

8

However, Plaintiff fails to plead the "when," "what," and "how," as required by Rule 9(b). Plaintiff, in a conclusory fashion, asserts that "published statements" were produced in furtherance of the fraud, (Compl. ¶ 29), but neither provides the Court with the content of such statements, nor articulates how the statements are fraudulent. Furthermore, Plaintiff merely asserts that the estimate was fraudulently produced but fails to specify which statements were material misrepresentations, how he relied upon such representations, and what damage resulted from that reliance. These empty assertions fail to meet Rule 9(b)'s heightened standard.

The lack of factual averments speaking to these essential elements makes apparent that Plaintiff's Complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). Plaintiff's failure to meet Rule 9(b)'s heightened pleading standards merely compounds the inadequacy of his fraud claim.

Additionally, amendment to this claim would be futile because the Virginia statute of limitations for fraud and all other personal injury actions is two years after the cause of action accrues. Va. Code Ann. § 8.01-243. Here at least three years have passed.[8]

---

[8] Plaintiff fails to state when the alleged fraud occurred. However, upon reviewing the facts, the Court can conservatively conclude that his claim is time-barred. Plaintiff alleges that the original car accident occurred on October 5, 2017. (Compl. ¶ 10.) The Complaint lists no other dates until the Henrico County court case, which took place on March 6, 2020. (*Id.* ¶ 17.) Elsewhere, Plaintiff mentions that he filed that suit on October 4, 2019. (Mem. in Supp. of Mot. for Default J. ¶ 11, ECF No. 13.) Plaintiff intimates there was a delay between the car accident and Defendants' agent's visit to assess his truck, but the duration is unclear. (*Id.* ¶ 11–12.) Based upon the known dates, the absolute outer-limit of the delay would be the commencement of the Henrico County action. Assuming, *arguendo*, that the assessment of his vehicle damage occurred immediately before the Henrico County proceeding ensued, the two-year statute of

Plaintiff asserts that Virginia's statute of limitations for actions arising out of written contracts should control. (*See* Pl.'s Opp'n to GEICO ¶ 15, ECF No. 17.) However, this argument fails, as previously stated, because he explicitly explains that his claim is based upon tort law, not contract law. (*See id.* ¶ 6; *see also* footnote 7.) Any argument that a later accrual date applies pursuant to § 8.01-249(1) fails because Plaintiff makes clear that he immediately identified the alleged fraud when he received and returned the check from Defendants. (Compl. ¶ 13.)

Accordingly, Plaintiff cannot possibly state a claim for fraud that is not time-barred, even if he were able to otherwise cure the defects discussed above. Therefore, this claim is dismissed with prejudice. *See Elrod v. Busch Ent. Corp.*, 479 F. App'x 550, 551 (4th Cir. 2012) (allowing trial courts to deny leave to amend a complaint if the complaint, as amended, would not withstand a motion to dismiss); *see also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011).

## B. Plaintiff Fails to Adequately Plead Negligence and the Claim is Time-Barred

To plead a *prima facie* case of negligence under Virginia law, a plaintiff must establish "a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage to the plaintiff." *Blue Ridge Serv. Corp of Va.*, 526 S.E.2d at 62; *accord Willner*, 849 F.3d at 113. Plaintiff's negligence claims are scattered throughout the Complaint and do not center

---

limitations would have been met in October 2021. Plaintiff commenced this action on October 4, 2022—a year beyond the statute of limitations expiration date. (IFP Appl. at 1.)

10

around a particular actor or conduct. Rather, he seems to state a generalized allegation that Defendants' performance of the insurance contract, or lack thereof, was negligent. (*See* Compl. ¶ 14.)

It is true that a contract creates a legal duty between the parties; "[h]owever, 'a tort action cannot be based solely on a negligent breach of contract.'" *Willner*, 849 F.3d at 113 (quoting *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 507 S.E.2d 344, 347 (Va. 1998)). "Though 'a party can, in certain circumstances, show both a breach of contract and tortious breach of duty[,] . . . the duty tortiously or negligently breached must be a common law duty.'" *Id.* (quoting *Richmond Metro. Auth.*, 507 S.E.2d at 347). Aside from his previously addressed fraud allegation, Plaintiff avers no facts suggesting a breach of any tort duty by Defendants. The fact that Defendants' estimated cost of damages was allegedly less than the amount that Plaintiff paid to repair his vehicle cannot alone sustain a tort claim.

Moreover, while Plaintiff states that he was required to pay $7,583.16, nowhere in his Complaint or pleadings does he indicate how much Defendants offered him. His claim fails to assert any actual damage. As with his fraud claim, amendment of his negligence claim would be futile because it too is time-barred by the two-year statute of limitations, as at least three years have elapsed.[9] *See* Va. Code Ann. § 8.01-243.

---

[9] To the extent that Plaintiff attempts to state an interrelated claim for negligent infliction of emotional distress, it too is dismissed with prejudice. Such an allegation is likewise time-barred. It also fails because he cannot make a showing of an underlying tort breach without first raising the negligence claim. *See A.H. ex rel. C.H.*, 831 S.E.2d at 475–76.

11

Accordingly, his negligence claim is dismissed with prejudice. *See Elrod*, 479 F. App'x at 551; *Laber*, 438 F.3d at 426; *Katyle*, 637 F.3d at 471.

C.  **Plaintiff Fails to Plead Arbitrary Refusal to Settle**

The Code of Virginia provides an express remedy for insured persons facing the unreasonable, arbitrary refusal of their motor vehicle insurance carrier to settle a claim. § 8.01-66.1(A). However, this provision only applies in circumstances where the claim is of "$3,500 or less in excess of the deductible" and the court subsequently finds that the "denial, refusal or failure to pay was not made in good faith." *Id*. The Complaint lacks adequate specificity to establish a basis for this remedy. Plaintiff only provides that Defendants have not made efforts to pay the "$7583.16" he spent repairing his vehicle. (Compl. ¶ 21.) As previously stated, Plaintiff does not disclose what Defendants offered him in the check he returned or how far off that estimate was from the $7,583.16. Thus, it cannot be determined if this claim falls within the threshold for this remedy to apply.

Similarly, Plaintiff raises no factual allegations to support a plausible inference of bad faith on Defendants' behalf. As with his other claims, assertions of legal conclusions that Defendants "acted in Bad Faith [sic]" cannot sustain the claim in the absence of corroborating facts. (Compl. ¶ 23.) Instead, there remains an equal possibility that this dispute is merely a reasonable disagreement over the value of the damages sustained by Plaintiff's vehicle. In the final analysis, the Complaint fails both to clearly place the amount of the claim in dispute within the bounds of the statutory remedy and to provide any plausible basis from which to infer bad faith by Defendants.

12

### D. Amendment is Futile Because Plaintiff Cannot Claim Adequate Damages

Even if Plaintiff were to amend his Complaint, the only claim that could theoretically survive is the statutory remedy for arbitrary refusal to settle.[10] However, this presents Plaintiff with an additional problem: in the absence of a federal claim, this Court requires diversity jurisdiction to hear this matter. Critically, this requires an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a). Based upon the facts before the Court, it is apparent that the $75,000 requirement cannot be met.

Section 8.01-66.1(A) expressly defines the liability of an insurance carrier under this remedy as "double the amount otherwise due and payable . . . together with reasonable attorney's fees and expenses." *See also* Va. Code Ann. § 38.2-209(A) (providing an independent basis for costs and attorney fees). There is no room for other factors to be included in the statutory damages, either to reflect collateral harms like emotional distress or to additionally punish the insurer. *See Nationwide Mut. Ins. Co. v. St. John*, 524 S.E.2d 649, 650–51 (Va. 2000) (articulating limit of statutory authorization for recovery to multiplied damages and attorneys' fees and expenses); *see also* footnote 11. Because the threshold for a claim under this remedy is "$3,500 or less," § 8.01-66.1(A), double the amount due could at most reach a sum of $7,000. This amount of $7,000 clearly falls short of the $75,000 requirement to establish diversity jurisdiction. Further, Plaintiff provides no accounting for the various fees he alleges he has incurred. (Compl. ¶ 32.) The Court can only determine with certainty that he has

---

[10] As previously stated, the time-bar to the fraud and negligence claims is permanently fatal. *See supra* Parts III(A)–(B).

13

paid the $402 filing fee to initiate this action (ECF No. 3), and that he has no attorneys' fees to offset, because he is proceeding *pro se*.

Assuming, *arguendo*, that Plaintiff's claim reaches the statutory maximum, that provides for a combined award of only $7,402. This total still would be $67,598 shy of the diversity jurisdiction threshold. It is beyond implausible that Plaintiff has incurred reasonable additional expenses in prosecuting this action that would reach that amount. The Court can rely on its common sense and experience to determine that no reasonable fee award could close the $67,598 gap.[11] *Cf. Riley v. Liberty Mut. Grp., Inc.*, 591 F. Supp. 3d 29, 36 (E.D. Va. 2022) (relying on common sense and experience to find that fees would exceed $1,000).

Given this inadequacy, an amended complaint with an otherwise adequately stated claim for the statutory remedy for arbitrary refusal to settle still could not survive a motion to dismiss. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 276 (1977) (citing *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938))

---

[11] Plaintiff includes a bold demand for $1,000,000,000 in punitive damages, or in the alternative $6,000,000 in punitive damages in addition to an injunctive prohibition on Defendants' ability to provide insurance coverage in Virginia for ten years. (Compl. ¶ 40.) Leaving aside Virginia's statutory cap of $350,000 on punitive damages, *see* Va. Code Ann. § 8.01-38.1, the general rule of contractual damages in Virginia prohibits punitive damages except where an "independent, willful tort" can be alleged along with the breach. *A & E Supply Co., Inc. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 672 (4th Cir. 1986) (quoting *Kamlar Corp. v. Haley*, 299 S.E.2d 514, 517 (Va. 1983)). As discussed above, *supra* Parts III(A)–(B), Plaintiff has not and indeed cannot state a claim for independent torts and does not assert breach of contract as a cause of action in the first place (*see* Pl.'s Opp'n to GEICO ¶ 5; *see also* footnote 7). Moreover, the statutory damages provided for in § 8.01-66.1(A) already account for the policy function of punishing insurers. *See St. John*, 524 S.E.2d at 651 ("Section 8.01-66.1(A) operates as a punitive statute . . . because [it] punish[es] an insurer whose bad faith dealings force an insured to incur the expense of litigation."). With no basis in tort, contract, or statute to impose punitive damages, this Court is not inclined to invent novel grounds for a billion-dollar award.

(authorizing dismissal where it appears to a legal certainty that the claim is for less than the jurisdictional amount). Therefore, amendment is futile, and Plaintiff's claim is dismissed with prejudice. *See Elrod*, 479 F. App'x at 551; *Laber*, 438 F.3d at 426; *Katyle*, 637 F.3d at 471.

E.  **Without Surviving Claims, Plaintiff's Motion for Default Judgment is Moot**

Plaintiff's Motion for Default Judgment urges this Court to enter judgment against GEICO as a sanction for insufficient service, improper captioning of filings, and an omitted signature from counsel. (Mot. for Default J. ¶¶ 4–8, ECF No. 12.) Because all of Plaintiff's cognizable claims must fail as a matter of law and amendment would be futile, the Complaint will be dismissed with prejudice. Thus, Plaintiff's Complaint will be disposed of in its entirety. Accordingly, Plaintiff's Motion for Default Judgment will be moot. Furthermore, to the extent that Plaintiff argues that Defendants' conduct is sanctionable, the Court concludes that such arguments are meritless.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motions to Dismiss (ECF Nos. 6, 9) and dismiss the Complaint (ECF No. 4) with prejudice. The Court will deny Plaintiff's Motion for Default Judgment (ECF No. 12) as moot. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: August 9, 2023
Richmond, Virginia

15